THREADGILL, Acting Chief Judge.
The State appeals a downward departure sentence imposed on the appellee, Brandon James Oakley. Oakley cross-appeals the denial of his motion to suppress and the use of a single guidelines score-sheet. We reverse the order denying the motion to suppress and remand for further proceedings.
We reverse the order denying the motion to suppress because the trial court, at the suppression hearing, applied an erroneous legal standard in denying Oakley’s motion. Only Oakley and the arresting officer testified at the suppression hearing. Each gave conflicting versions of the events that led to Oakley’s arrest for possession of cocaine and fleeing to avoid arrest. After hearing the testimony, the trial judge stated that it was not his duty to address the believability of testimony. He did, however, express concern about the credibility of the police officer’s testimony, because of conflicts therein. He also stated that it was not his duty to ascertain the weight and credibility of the evidence. He went on to state that, because the police officer gave sworn testimony as to the elements of the crime charged, there was probable cause and therefore he could not grant the motion to suppress. He thus denied it. Oakley argues, and we agree, that the judge’s statements show that he applied an erroneous legal standard to the testimony taken at the hearing. See State v. Robinson, 740 So.2d 9 (Fla. 1st DCA 1999) (trial court erred in failing to assess the credibility of the two witnesses at the suppression hearing, who gave conflicting accounts of the facts that led to Robinson’s arrest). We therefore reverse the order denying the motion to suppress and remand for another hearing, utilizing the correct standard.
In light of our decision regarding the suppression hearing it is not necessary to decide the two sentencing issues. In the event that there is another sentencing hearing, however, the following comments may be helpful. The departure reasons concerning remorse and restitution were valid and properly supported the sentence imposed for the possession of cocaine conviction. Finally, as conceded by the State, the trial court erred in sentencing Oakley under a single guidelines scoresheet, where different versions of the guidelines applied. See Dillard v. State, 728 So.2d 725 (Fla.1999).
Reversed and remanded.
BLUE and STRINGER, JJ„ Concur.